```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ELANA S. LANDAU
    KAREN A. ESCOBAR
 3  Assistant U.S. Attorney
    4401 Federal Building
 4  2500 Tulare Street
    Fresno, California 93721
 5  Telephone: (559) 497-4000

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT FOR THE

 9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )   1:08-cr-0077 AWI
                                 )
12         Plaintiff,            )   APPLICATION FOR ORDER REGARDING
                                 )   CRIMINAL FORFEITURE OF PROPERTY
13     v.                        )   IN GOVERNMENT CUSTODY - 18 U.S.C.
                                 )   § 983(a)(3)(B)(ii)(II)
14  DUNCAN WILLIAM NOTHSTEIN,    )
                                 )
15         Defendant.            )
                                 )
16
```

17     The United States of America, through its counsel, hereby moves
18 for an order allowing the Government to maintain custody of property
19 already in the Government's possession pending the resolution of a
20 criminal forfeiture matter.  The grounds for the motion are as
21 follows:
22     On or about February 27, 2008, pursuant to the execution of a
23 state search warrant, local law enforcement agents seized the
24 following property:
25     a.   Approximately $10,780.00 in U.S. Currency; and,
26     b.   1992 Monaco (SS) Motor Home, VIN #1RF120516M1018074,
             License #HC40473.
27
28 Hereinafter, the above-referenced assets are collectively referred

1

to as the "seized assets."

On April 3, 2008, a Request and Order Authorizing Release and Transfer of Custody of Evidence to Federal Law Enforcement was signed by Superior Court Judge James Hollman turning over the approximately $10,780.00 in U.S. Currency and 1992 Monaco (SS) Motor Home, VIN #1RF120516M1018074, License #HC40473 to the Drug Enforcement Administration ("DEA") for Federal forfeiture proceedings.

In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice to defendant Duncan William Nothstein of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about May 2, 2008, defendant Duncan William Nothstein filed a claim with DEA contesting the administrative forfeiture of assets a and b above pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment. On June 26, 2008, the Government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized assets. That Superseding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable forfeiture statute in this case is 21 U.S.C. § 853. That

statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section § 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture.  However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.  The Government contends that this provision applies in circumstances where, as here, the Government has already obtained lawful custody of the seized assets pursuant to a state search warrant, and the Government seeks to comply with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including DEA and/or the U.S. Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the

conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: July 11, 2008   McGREGOR W. SCOTT
United States Attorney


   /s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a. Approximately $10,780.00 in U.S. Currency; and

b. 1992 Monaco (SS) Motor Home, VIN #1RF120516M1018074, License #HC40473.

IT IS SO ORDERED.

**Dated:   August 1, 2008**          /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE

4